In the Matter of the Liquidation of GENERAL SURETY COMPANY.

In the Matter of the Liquidation of STATE TITLE AND MORTGAGE COMPANY.

Supreme Court, Additional Special Term, New York County, December 18, 1935.

*Alfred C. Bennett*, for the Superintendent of Insurance, as liquidator of State Title and Mortgage Company.

*Harry Rodwin*, for the Superintendent of Insurance of the State of New York, as liquidator of General Surety Company.

FRANKENTHALER, J.  This is an application by the Superintendent of Insurance, as liquidator of the State Title and Mortgage Company and as liquidator of General Surety Company, for judicial approval of a proposed compromise of two actions commenced by the Superintendent against the directors of those companies to recover damages " for various acts of mismanagement, waste, malfeasance and non-feasance occurring during their

respective terms of office." Both actions have been marked ready for trial.

The proposed settlement involves most of the defendants in both actions and contemplates their payment of $130,000, of which $16,750 is to be in notes. This is in addition to $30,000 previously accepted in settlement from the estate of a deceased defendant and $80,000 obtained from third parties.

The only statement in the Superintendent's petition which bears upon the probability of success upon the trials of the actions reads as follows: " while most of the defendants in these actions were not guilty of improper personal gain or advantage, serious mistakes were undoubtedly made and in the opinion of the Superintendent there are good causes of action against them for substantial sums."

The Superintendent bases his recommendation that the compromise offered by most of the defendants be approved " only on the fact that the sum of $130,000 from the entire group is reasonable because so many are financially irresponsible." Obviously a settlement predicated solely upon the financial irresponsibility of the defendants cannot possibly be approved until such irresponsibility is affirmatively shown.

As the proposed compromise is apparently not severable as to the defendants who have submitted to examination, but is applied for as an indivisible whole, the application is denied, but without prejudice to a renewal on proper papers.